IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-274-D-1
No. 5:16-CV-856-D

| | |
|---|---|
| ANTHONY WAYNE WIGGINS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 17, 2016, Anthony Wayne Wiggins ("Wiggins") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 335] and filed a memorandum in support [D.E. 336]. On December 5, 2016, the government moved to dismiss Wiggins's section 2255 motion [D.E. 344] and filed a memorandum in support [D.E. 345]. On January 31, 2017, Wiggins responded in opposition [D.E. 353]. As explained below, the court grants the government's motion to dismiss and dismisses Wiggins's section 2255 motion.

I.

On March 13, 2014, a jury found Wiggins guilty of conspiracy to distribute and possess with intent to distribute 5 kilograms of cocaine (count one), possession with intent to distribute 28 grams or more of cocaine base (crack) (count six), and possession of a firearm and ammunition by a convicted felon (count seven). See [D.E. 196]. On September 3, 2014, at Wiggins's sentencing hearing, the court ruled on Wiggins's objections to the Presentence Investigation Report ("PSR") [D.E. 212] and held that the enhancements under 21 U.S.C. § 851 applied to Wiggins. See Sentencing Tr. [D.E. 293] 1–9. The court calculated Wiggins's total offense level to be 34, his

criminal history category to be V, and his guideline range to be mandatory life imprisonment on counts one and six and 120 months' imprisonment on count seven. See Id. at 8–9; [D.E. 271]. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wiggins to life imprisonment on counts one and six, and 120 months' imprisonment on count seven. See Sentencing Tr. at 12–17.

Wiggins appealed [D.E. 273]. On September 29, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Wiggins's conviction and sentence. See United States v. Gomez-Jimenez, 625 F. App'x 602, 603–05 (4th Cir. 2015) (per curiam) (unpublished). On February 29, 2016, the Supreme Court denied certiorari. See Wiggins v. United States, 136 S. Ct. 1211 (2016).

On October 17, 2016, Wiggins filed his section 2255 motion [D.E. 335] and a memorandum in support [D.E. 336]. In his section 2255 motion, Wiggins makes six claims: (1) ineffective assistance of counsel because trial counsel failed to object to the conspiracy charge in count one as violating due process, [D.E. 335] 4; (2) ineffective assistance of counsel because trial counsel failed to challenge the enhancement under 21 U.S.C. § 851 even though the state convictions in the section 851 notice allegedly were not felonies under United States v. Simmons, 649 F.3d 237, 243–45 (4th Cir. 2011) (en banc), [D.E. 335] 5; (3) ineffective assistance of trial counsel for failing to call Wiggins's ex-girlfriend Maria Gomez as a witness, [D.E. 335] 6; (4) ineffective assistance of trial counsel for failing to file a motion to sever counts one and six from count seven, [D.E. 335] 8; (5) ineffective assistance of trial counsel for failing to challenge Wiggins's state felony convictions under United States v. Simmons, 649 F.3d 237, 243–45 (4th Cir. 2011) (en banc), and thereby negate the felony predicate concerning count seven, [D.E. 335] 9; and, (6) ineffective assistance of trial counsel for failing to challenge the sufficiency of the evidence, including a challenge to the interstate nexus required concerning the gun and ammunition in count seven, [D.E. 335] 10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Wiggins's motion and supporting memorandum are not models of clarity. To the extent that Wiggins's claims are based on something other than alleged ineffective assistance of counsel and Wiggins failed to raise the claims on direct appeal, the general rule of procedural default bars Wiggins from presenting such claims under section 2255. See, e.g., Massaro v. United States, 538

U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Wiggins has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, any such claims fail.

As for Wiggins's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Wiggins must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

4

effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Wiggins alleges ineffective assistance of counsel because trial counsel failed to object to the conspiracy charge in count one as violating due process. See [D.E. 335] 4; [D.E. 336] 8–25. "To obtain a conviction for a drug conspiracy, the Government must prove the following essential elements: (1) an agreement between two or more persons to engage in conduct that violates federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). "Once the Government proves a conspiracy, the evidence need only establish a slight connection between a defendant and the conspiracy to support a conviction." Id.

The court properly instructed the jury concerning the conspiracy charged in count one. See [D.E. 299-3] 89–96. Although Wiggins contends that trial counsel should have moved for a mistrial as to count one due to insufficient evidence, [D.E. 336] 25, trial counsel did move for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. See [D.E. 299-2] 164–66. The court properly denied Wiggins's Rule 29 motion. See id. Thus, there was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009); Strickland,

466 U.S. at 689–90; Morva v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). Accordingly, Wiggins's first claim fails.

Wiggins alleges ineffective assistance of counsel because trial counsel failed to challenge the enhancement under 21 U.S.C. § 851 even though, he argues, the state convictions which formed the basis for Wiggins's enhancement under 21 U.S.C. § 851 were not felonies under Simmons. See [D.E. 335] 5; [D.E. 336] 26–37. According to Wiggins, the state convictions were not felonies under Simmons because Wiggins actually served less than a year in prison for each conviction. See [D.E. 336] 26–37.

Wiggins's argument fails because the government properly relied on two state felony drug convictions (one from Wake County and one from Wilson County) that were felony convictions under Simmons and North Carolina law. See Sent. Tr. 3–6; [D.E. 177]; [D.E. 178]; [D.E. 264]; [D.E. 268]; PSR ¶¶ 43, 45. Even if Wiggins actually served less than a year in prison on these state convictions, the two convictions still qualified as felonies under Simmons because Wiggins could have and actually did receive a sentence greater than one year for each conviction. See, e.g., United States v. Kerr, 737 F.3d 33, 38 (4th Cir. 2013); Simmons, 649 F.3d at 243–45; PSR ¶¶ 43, 45. That Wiggins served less than a year in prison for each conviction is irrelevant. See, e.g., Kerr, 737 F.3d at 38. Thus, there was no deficient performance or prejudice. See, e.g., Strickland, 466 U.S. at 689–700; see also Knowles, 556 U.S. at 127–28. Accordingly, Wiggins's second claim fails.

Wiggins alleges ineffective assistance of counsel because trial counsel did not call Wiggins's ex-girlfriend Maria Gomez as a witness at trial in order to ask her whether the drugs found in Wiggins's residence belonged to her. Trial counsel's decision not to call Wiggins's ex-girlfriend Gomez, however, falls comfortably within the wide range of professionally competent representation. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127; Strickland, 466 U.S.

at 690–700; Morva, 821 F.3d at 528–32; Tucker v. Ozmint, 350 F.3d 433, 444–45 (4th Cir. 2003); Beaver v. Thompson, 93 F.3d 1186, 1195–96 (4th Cir. 1996); Bassette v. Thompson, 915 F.2d 932, 940–41 (4th Cir. 1990). Here, trial counsel effectively used other witnesses to present evidence that Gomez once hit Wiggins and once tried to run Wiggins over with a car. See [D.E. 299-2] 192–95, 202–09. Trial counsel also effectively attacked Gomez's bias and motive without calling her to the stand, where she may have testified that the drugs in Wiggins's residence belonged to Wiggins. Moreover, trial counsel also effectively used the government's failure to call Gomez to seek to undermine the government's case and argue for reasonable doubt as to counts one, six, and seven. See [D.E. 299-3] 34–35, 39–41. On this record, Wiggins's ineffective-assistance claim fails as to performance and prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 690–700; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670; Beaver, 93 F.3d at 1195; Bassette, 915 F.2d at 940–41. Thus, Wiggins's third claim fails.

Wiggins alleges ineffective-assistance of trial counsel for failing to move to sever counts one and six from count seven. See [D.E. 335] 8; [D.E. 336] 44–51. Wiggins's attack on trial counsel's failure to move to sever fails on both performance and prejudice. See Strickland, 466 U.S. at 689–700. As for performance, count seven was properly joined with counts one and six under Rule 8(a) of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 8(a); United States v. Cardwell, 433 F.3d 378, 385–87 (4th Cir. 2005). Count one charged Wiggins with a drug conspiracy that spanned September 2010 to January 2013. [D.E. 46] 1–2. Count six charged Wiggins with possession with intent to distribute 28 grams or more of cocaine base crack on June 30, 2012. Id. at 4. Count seven charged Wiggins with being a felon in possession of a firearm and ammunition on June 30, 2012. Id. at 4. Notably, the cocaine base crack, firearm, and ammunition referenced in counts six and seven were all located in Wiggins's residence on June 30, 2012, and that date is

7

within the conspiracy charged in count one. See PSR ¶ 27. Accordingly, all three counts "are based on the same act or transaction" or "are connected with or constitute parts of a common scheme or plan" and were properly joined under Rule 8(a). See Fed. R. Crim. P. 8(a); Cardwell, 433 F.3d at 385–87. Furthermore, even if trial counsel had filed a motion to sever under Rule 14, the court would properly have denied it. See Strickland, 466 U.S. at 689–700; Cardwell, 433 F.3d at 387–88. Thus, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–700. Accordingly, Wiggins's fourth claim fails.

Next, Wiggins alleges ineffective assistance of trial counsel for failing to challenge Wiggins's state felony convictions under Simmons and thereby negate the felony predicate concerning count seven. See [D.E. 335] 9. As discussed, Wiggins had sustained at least two felony convictions for offenses punishable by more than one year in prison before Wiggins possessed the firearm and ammunition on June 30, 2012, which subjected him to being convicted on count seven. See PSR ¶¶ 42–45. Thus, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127; Strickland, 466 U.S. at 689–700. Accordingly, Wiggins fifth claim fails.

Finally, Wiggins alleges ineffective assistance of trial counsel for failing to challenge the sufficiency of the evidence, including a challenge to the interstate nexus requirement concerning the gun and ammunition in count seven. See [D.E. 335] 10; [D.E. 336] 61–65. As for the interstate nexus required concerning the gun and ammunition in count seven, the parties stipulated that the gun and ammunition had traveled in interstate commerce. See [D.E. 299-2] 159–63. The stipulation made tactical sense given that Wiggins's defense to count seven was that he did not possess the weapon and ammunition referenced in count seven. As for the sufficiency of the evidence, trial

8

counsel did move for judgment of acquittal under Rule 29. See [D.E. 299-2] 164–66. The court, however, properly denied the motion. Id. Furthermore, the jury received sufficient evidence to convict Wiggins on counts one, six, and seven. Thus, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–700; Powell, 562 F.3d at 670. Accordingly, Wiggins's sixth and final claim fails.

After reviewing the claims presented in Wiggins's motions, the court finds that reasonable jurists would not find the court's treatment of Wiggins's claims debatable or wrong, and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 344], DISMISSES Wiggins's section 2255 motion [D.E. 335], and DENIES a certificate of appealability.

SO ORDERED. This 4 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge