UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

---

UNITED STATES OF AMERICA,
    Plaintiff-Respondent

V.

ANTHONY WAYNE WIGGINS,
    Defendant-Petitioner.

NO. 5:12-CR-00274-D-1

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(1)(A)(i)

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(1)(A)(i)

**FILED**

MAR 24 2022

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY  DEP CLK

ANTHONY WAYNE WIGGINS (PRO SE)
56530-056
UNITED STATES PENITENTIARY
HAZELTON, P.O. BOX 2000
BRUCETON MILLS, WV 26525

# TABLE OF CONTENTS

|  | PAGES |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| STATEMENT OF THE CASE | 3 |
| ARGUMENT | 4 |
|   A. THE COURT HAS JURISDICTION TO REDUCE PETITIONER'S SENTENCE FOR "EXTRAORDINARY AND COMPELLING REASONS" | 5 |
|   B. EXHAUSTION OF ADMINISTRATIVE REMEDIES | 5 |
|   C. EXTRAORDINARY AND COMPELLING REASONS | 6 |
|   D. RELEVANT 18 U.S.C. §3553(a) FACTORS WEIGH STRONGLY IN FAVOR OF RELIEF | 9 |
|   F. PETITIONER IS NOT A DANGER TO THE COMMUNITY | 11 |
| CONCLUSION | 11 |
| CERTIFICATE OF SERVICE | 12 |
| EXHIBITS | A,B,C,D,E |

# TABLE OF AUTHORITIES

CASES                                                                PAGES

Pepper v. United States
    562 U.S. 476 (2011)................................... 10

United States v. Booker
    976 F.3d 228 (2nd Cir. 2020)........................... 5

United States v. Boyce
    2021 U.S.Dist.LEXIS 26129 (D.Md.Feb 10, 2021).......... 7

United States v. Browing
    2021 U.S.Dist.LEXIS 38058 (E.D.Mich.Mar 2, 2021...... 9

United States v. Day
    2020 U.S.Dist.LEXIS 133586 (E.D.Va.July 23, 2020...... 7

United States v. Sappleton
    2021 U.S.Dist.LEXIS 29020 (D.Md.Feb 16, 2021).......... 7

United States v. Sweet
    2020 U.S.Dist.LEXIS 101647 (D.Md.June 10, 2020)........ 7

United States v. Turner
    2019 U.S.Dist.LEXIS 151445 (D.Md.June 28, 2019)........ 7

United States v. Williams
    2020 U.S.Dist.LEXIS 179932 (W.D.Va.Sept 30, 2020)...... 7

STATUTES

18 U.S.C. §922(g)......................................... 1
18 U.S.C. §3553(a)........................................ 5, 9, 10
18 U.S.C. §3582(c)(1)(A)(i)............................... passim
21 U.S.C. §802(44)(57)(58)................................ 1, 2, 6
21 U.S.C. §841(a)(1)...................................... 1, 3, 7, 8
21 U.S.C. §851............................................ passim

GUIDELINES

U.S.S.G. 1B1.13........................................... 5, 6

## OTHER AUTHORITIES

Pub.L.115-391,132 Stat.5194 Section-401,Dec 21,2018...............1,2,5,7,8
DOJ---Five things on Deterrence(2016)............................9

COMES NOW, the petitioner Anthony Wayne Wiggins, pro se respectfully moves this Honorable Court for an order reducing his sentence pursuant to the First Step Act based on "extraordinary and Compelling reasons" discussed below, pursuant to 18 U.S.C.3582 (C)(1)(A)(i).

## INTRODUCTION

In 2014, petitioner was sentenced by this court to a term of Two life Sentence to run concurrently and One hundred and twenty-months in prison in violation of 18 U.S.C.§922(g) based on a drug conspiracy to distribute 5KG of Cocaine, possession with intent to distribute 28g or more of cocaine base (crack) in violation of 21 U.S.C.§841(a)(1). His Life sentence was based on Two Prior State of North carolina possession Conviction in 1990 and 1994 respectively that was based on the government filings of 21 U.S.C.§851 enhancement. Specifically, petitioner's life sentences were based on the 18 U.S.C.§851 enhancements, a cruelly excessive enhancements that has since been barred by Congress.

Congress has clarified that in order to enhance a sentence under 21 U.S.C. 841(b)(1)(A), the first Step Act of 2018 now requires that the predicate conviction be a serious felony, as defined at 21 U.S.C.802(57), in rather than a more felony offense, as defined at 21 U.S.C.802(44). While any state or Federal drug offense punishable by imprisonment for more than 1 year qualified as a felony drug offense, the First Step Act now requires that the offender served a term of imprisonment of more than 12 Months. 21 U.S.C.802(57).

Section 401 of the First Step act amended the sentencing enhancements under 21 U.S.C.§851 in two relevant ways. It reduced the mandatory minimums following a section 851 notice from 25 to 15 years for one qualifying conviction and from life to 25 years for two or more qualifying convictions. 21 U.S.C.§841(b)(1)(A). In addition, the amendment altered the kinds of convictions for which a section 851 enhancement could apply, including changing the broad "felony drug offense" category (comprising simple drug possession) to the much narrower "serious drug felony" category (Comprising manufacture or distribution punishable by at least 10 years for which the defendant served at least 12 months within the last 15 years)

1

See 21 U.S.C.§802(44).

Clearly, under section §401 of the First Step Act, only drug felony or serious violent felony, defined as an offense for which an offender actually served a term imprisonment of more than one year, now qualifies as a §851 predicate offense, rather than the previously included felony drug offense, defined as an offense that is punishable by imprisonment of more than one year. 21 U.S.C.§851. 21 U.S.C.§§802(57)(A) and (58)(A) defines serious drug felony and serious violent felony, respectively.

Petitioner has served a decade in prison, not counting the Good Time Credit. But without a reduction in sentence, petitioner has no projected release date. In contrast, if petitioner had been sentenced under the current law, the §851 enhancement that he received that caused his classification as a career criminal and mandated his life sentence would not have the same effect today. The First Step Act both lowered the relevant minimum section 851 enhancement penalty from life to 25 years and narrowed the scope of its application, such that none of the petitioner's two simple possession prior offenses would have qualified as a serious drug felony.

Moreover, petitioner notes that section 851 enhancements have generally become so disfavored in most districts within the Fourth Circuit, even though half of drug trafficking cases were eligible, making it highly unlikely that the enhancement would apply at all if he were tried today. In all probability, then, the highest mandatory minimum he would have faced is likely less than 10-years. Though petitioner commited a serious crime but nonviolent crime.

Petitioner argues that the gross disparity between the mandatory life sentence he received in 2014 and the less than 15 years minimum term he would face today is an extraordinary and compelling reason to grant relief.

2

## STATEMENT OF THE CASE

On August 15, 2012, Wiggins was indicted in a two count indictment. Count One alleged that on or about June 30, 2012, in the Eastern District of North Carolina, Wiggins Knowingly and Intentionally possessed with intent to distribute 28 grams or more of Cocaine base (crack) in violation of 21 U.S.C. §841(a)(1). Count Two alleged that on or about June 30, 2012, having previously been convicted of a crime punishable by a term of imprisonment exceeding one(1) year, Wiggins knowingly possessed a firearm and ammunition in and affecting commerce, in violation of 18 U.S.C. §§922(g)(1) and 924.

On November 28, 2012, a trial counsel for wiggins filed a motion to suppress the evidence stemming from law enforcement's search of his residence on June 30, 2012. On December 5, 2012, the government filed a response in opposition to Wiggins" motion to suppress. The District Court denied the motion without a hearing on December 12, 2012

On April 9, 2013, the government filed a Superseding Indictment in this case. The Superseding Indictment added a conspiracy charge with Wiggins and four newly indicted co-conspirators, as well as eight additional Counts and a forfeiture notice. Count One of the Superseding Indictment charged Wiggins, Asael Gomez-Jimenez, Silvino Lara-lara, Dario Gomez-Juarez, and Luisiana Figuerroa-Quezada with conspiracy to distribute and possess five Kilograms or more of cocaine in violation of 21 U.S.C. §841(a)(1) and §846. Counts One and Two of the original indictment against Wiggins were realleged as Count Six and Seven in the Superseding Indictment. None of the other counts pertained to wiggins

On March 10, 2014, the Government filed an Information pursuant to 21 U.S.C. §851. Wiggins was also arraigned that date on the Superseding Indictment, andpled not guilty to Counts 1,6,7. Later that morning, the trial of Wiggins and Asael Gomez-Jimenez began, and ran through March 13, 2014. On March 13, 2014, the jury returned a guilty verdict on all three counts against Wiggins.

On July 11, 2014, wiggins filed an objection to the Government's Information. In response, the Government filed amended information on august 28, 2014 and September 2, 2014.

On September 3, 2014, the district Court conducted a sentencing hearing for Wiggins. The district court overruled his objections to the Section §851 Information, and overruled all of his other objections in the Presentencing Report. The district court found an advisory guideline range of Life imprisonment on Count One and Six, and 120 Months on Count Seven. The district court sentenced petitioner to Life imprisonment.

On September 9, 2014 Wiggins filed a timely notice of appeal. The facts pertinent to each of Petitioner's arguments on appeal are adduced therein.

On May 1, 2021 a written request was submitted to the Warden here at USP Hazelton, WV, asking that the BOP move this Court for a reduction of Petitioner's sentence under 18 U.S.C. §3582(c)(1)(A). The Warden denied the request on May 7, 2021. Petitioner filed an appeal to the denial pursunat to the BOP Administrative Remedy Procedure on May 21, 2021 and again was denied on June 8, 2021. On June 11, 2021, petitioner appealed the Warden's denial on a BP-10 to the Regional Director and was denied on July 13, 2021. Petitioner made the final appeal to the BOP General Counsel on a BP-11 an August 11, 2021 and was denied on Nov 19, 2021. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative right to appeal a failure of the Bureau of Prison to bring a motion on the defendant's behalf or a lapse of 30days from the receipt of such request by the Warden of the defendant's facility, whichever is earlier." Petitioner has met these requirements. See (Exhibit-A)...records of petitioner's appeal process. Thus this motion.

## ARGUMENT

This Court has the authority to reduce Petitioner's sentence based on the extraordinary and Compelling circumstances presented by this case. The changes to 18 U.S.C. §3582 (c)(1)(A) made by the First Step Act have allowed inmates serving unusually long sentences to seek sentence reductions from the sentencing courts, even without the imprimatur of the BOP. the circumstances here warrants such relief, and the factors a court must consider in determining an appropriate sentence weigh strongly in favor of a reduction in Petitioner's sentence.

4

## THE COURT HAS JURISDICTION TO REDUCE PETITIONER'S SENTENCE FOR "EXTRAORDINARY AND COMPELLING REASONS".

The Court authority to grant compassionate release or a sentence reduction is found at 18 U.S.C.§3582(c). A dfendant may qualify for a modification in his sentence due to certain age, health, or family circumstances factors. 18 U.S.C.§3582(c)(1)(A). before the passage of the First Step Act on December 21.2018. See (Pub.L.115-391,132 Stat.5194), the discretion to file a motion for compassionate release under §3582(c)(1)(A) rested entirely with the Director Of the Bureau Of Prisons. After December 21,2018, Section 603 of the First Step Act amended 18 U.S.C.§3582(c)(1)(A) to provide that a §3582(c)(1)(A) requires that sentence reduction be consistent with "applicable policy statements", where there currently exists no applicable policy statement,"§1B1.13 does not apply, and thus §3582(c)(1)(A)s" consistent requirement does not constrain the discretion of the District Courts." Id at 28|. Therefore, district may consider "any extraordinary and compelling resons for release that a defendant might raise." Id (quoting United States v. Booker, 976 F.3d 228 (2nd Cir,2020)).

In addition to considering whether extraordinary and compelling reasons are present, a Court must also consider the 18 U.S.C.§3553(a) factors and determine whether the defendant is a danger to the safety of another person or the community as provided in 18 U.S.C.§3142(g); U.S.S.G.1B1.13.

In sum, Mr. wiggins must show (1)Exhaustion of administrative remedies; (2)existence of extraordinary and compelling circumstances, and (3) justification under the 18 U.S.C.§3553(a) sentencing factors.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A defendant must have exhausted all administrative rights to appeal a failure of the BOP Director to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the Warden of the defendant's facility, whichever is ealier. 18 U.S.C. §3582. On May 1, 2021 a written was submitted to the Warden based on the First Step

Act's change in law pursuant to 18 U.S.C.§3582(c)(1)(A). The Warden denied the request on May 7,2021. Petitioner filed an appeal on the denial pursuant to the BOP Administrative Remedy Procedure on May 21,2021 and again was denied on June 8,2021. On June 11,2021, petitioner appealed the warden's denial on a BP-10 to the Regional Director and was denied on July 13,2021. Petitioner made the final appeal to the BOP General Counsel on a BP-11 on August 11,2021 and was denied on November 19,2021. Petitioner has thus exhausted his administrative remedies to date and his motion for compassionate release/sentence reduction is now properly before the Court.

## EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

The Guidelines provided four categories of circumstances that are extraordinary and compelling. The first concerns the medical condition of the defendant. The second concerns the age of the defendant. The third concerns the family circumstances of the defendant. The fourth is a catchall provision, which permits the BOP Director to identify other extraordinary circumstances that are not set out by the Guidelines. The U.S.S.G.§1B1.13. comment.n.1. Petitioner is moving under the fourth category...the catchall provision. He submits that had he been sentenced after 2018, the Court would not have given him Life imprisonment on his conviction under Section §401 of the First Step Act.

Clearly, under section §401 of the First Step Act, only drug felony or serious violent felony, defined as an offense for which an offender actually served a term of imprisonment of more than One Year, nor qualifies as a §851 predicate offense, rather than the previously included felony drug offense, defined as an offense that is punishable by imprisonment of more than One year. 21 U.S.C.§851. 21 U.S.C.§§802(57)(A) and(58)(A) defines serious drug felony and serious violent felony, respectively.

In petitioner's case, the First Step Act's changes to §851 constitute "extraordinary and compelling reasons" for why his sentence should now be reduced. In March 10,2014 , he became exposed to the §851 enhancement immediately prior to the beginning of trial, the government filed two notices of intent to seek enhancement penalties pursuant to 21 U.S.C. §851, which increased the mandatory minimum on drug conspiracy charge from 10 years to

6

Mandatory Life imprisonment, based on prior convictions for possession with intent to distribute Cocaine in 1990 and possession of Cocaine in 1995 and 2000. On March 13, 2014, the jury returned a verdict of guilty on all three charges.

But for the §851 enhancement, the defendant's sentence would have been lower, 10-years at most. Obviously, the case would have been charged differently today in light of the First Step act amended §851 recidivist enhancement. The fact that petitioner elected to go to trial played a substantial role in the decision to file §851 enhancement. Under the First Step Act, petitioner will not be enhanced. A review of the sentences received, his other Co-defendants and Separately indicted Co-conspirators revealed that the following sentences were imposed; 42-Months; 180-Months; 390-Months; 180-Months; 132-Months; and 30-Months. Petitioner received the longest sentence of all Co-defendants and separately unindicted Co-conspirators despite being the customer of many of the defendants whose sentences were shorter.

if sentenced today, petitioner would face a mandatory minimum term of 120-Months on Counts One and Seven and would no longer qualify for a mandatory sentence of Mandatory life pursuant to §§851 and 841(b)(1)(A). One Eastern District within the Fourth Circuit found First Step Act changes to Statutes 851 and 841(b)(1)(A) were extraordinary and compelling reasons and reduced a life sentence to time served. See U.S. v Day, 2020 U.S.Dist.LEXIS 133586 (E.D.Va. July 23, 2020). Other District Courts in the Fourth Circuit have also reduced sentences to time served on First Step act charges to §851. U.S. v. Boyce, 2021 U.S.Dist.LEXIS (D.Md.feb 10, 2021); U.S. v. Williams, 2020 U.S.Dist.LEXIS 179932 (W,D.Va.Sept 30, 2020); U.S. v. Sweets, 2020 U.S.Dist.LEXIS 101647 (D.Md.June 10, 2020); U.S. v. Turner, 2019 U.S.Dist.LEXIS 151445 (D.Md.June 28, 2019). Petitioner's simple possession no longer qualifies for enhancement for purposes under §851. See U.S. v Sappleton, 2021 U.S. Dist.LEXIS 29020 (D.Md.Feb 16, 2021). Petitioner argues that Section §401 amendment of the First Step Act amended the sentence enhancement provisions of §§ 841(b)(1) and 851, such that the enhancements now only apply to a person

with a prior convictions for a "serious drug felony," rather than a "felony drug offense," constitutes an extraordinary and compelling reason warranting a sentence reduction. Because neither of his prior North Carolina simple possession convictions qualify as a "serious drug felony" under the amended law, if he were sentenced today, he would not face a sentence enhancement.

Petitioner lists his North Carolina convictions that were used for his §851 enhancements as follows: June ,1990...possession of 2grams of Cocaine case #90-Crs-33668 NC-21USC 841(D); Wake County; July 10,1995 felony possession of Cocaine Case#94-CRS-006416...Wilson County North Carolina;June 29,2000 ... possession of Cocaine, Case#99-CRS-15227....Nash County North Carolina. See(Exhibit-B).

Petitioner argues that when he was sentenced, §841(b)(1)(A) provided for an enhanced penalty if the defendant committed certain drug violations "after two or more prior convictions for a felony drug offense have become final." 21 U.S.C.§841(b)(1)(A)(2010). Section 401 of the First Step Act made two relevant changes to the enhanced of §841(b)(1)(A): First, it required that the defendant have two prior serious drug felony convictions for the enhancement to apply; and second, it reduced the penalty for those defendants to a 25-year mandatory minimum, instead of life. See 21 U.S.C.§841(b)(1)(A)(2018). Today, in order to satisfy the "serious drug felony" requirement, the defendant must have served a term of imprisonment of more than 12 Months on each prior offenses

Here, if petitioner was sentenced today, mandatory life imprisonment would not be the outcome. First, he did not serve more than a year and a day on any one of his prior state convictions. His scant terms of possession convictions and incarcerations clearly do not meet the "serious drug felony" as §841(b)(1)(A)requires. Today the sentencing enhancement under §851 would not apply to petitioner. See21 U.S.C.§§802(57); 841(b)(1)(B).

Next, petitioner argues that the gross disparity between the mandatory life sentence he received in 2014 and the 10 year mandatory minimum term he would face today is an extraordinary and compelling reason to grant relief. Furthermore, the less severe sentences that were imposed on his co-defendants and separately indicted Co-conspirators, even those with greater culpability is a compelling reason to grant a sentence reduction.

8

## 18 U.S.C.§3553(a) RELEVANT SENTENCING FACTORS

Petitioner does not minimize the seriousness of his offense and does take responsibility. And despite the fact that he elected to go to trial, his conduct since incarcerated is exemplary. I have consistently maintained a clear conduct. See (Exhibit-C) Inmate Custody Classification Record.

There is no doubt that the time petitioner served is more than sufficient to achieve the goals of his sentencing set forth in 18 U.S.C.§3553(a) such that his continued incarceration serves no legitimate end. Continued imprisonment would make his sentence greater than necessary to serve the purpose. See §3553(a)(1). In "five things about deterrence (2016)" US Department of Justice (DOJ) States that " interms of both specific and general deterence, there is overwhelming evidence in the specific literature that the certainty of being caught is a vastly more powerful deterrent than the severity of the punishment." United States v. Browing, 2021 U.S.Dist.LEXIS 38058(E.D.Mich. Mar.2,2021).

In the paper, the DOJ explains that, severity refers to the lenght of a sentence. Studies show that for most individuals convicted of crime, short to moderate prison sentences may be a deterrent but longer prison terms produce only a limited deterrnt effect. Certainty refers to the likelyhood of being caught and punished for the commission of crime. Research underscores the more significant role that certainty plays in deterrence than severity. It is the certainty of being caught that deters a person from committing crime, not the fear of being punished or the severity of the punishment. Effective policing that leads to swift and certain (but not necessarily severity). Sanctions is a better deterrent than the threat of incarceration. In addition, there is no evidence that the deterrent effect increases when the likelihood of conviction increases. Nor is there any evidence that the deterrent effect increases when the likelihood of imprisonment increases.

Moreover, petitioner has expressed remorse, and continues to feel deep regret and shame for his action. His time in the BOP has been infraction free. Thus, the time he has spent imprisoned has been sufficient to make a significant impact and imposed just punishment for his offense. See 18 U.S.C.§3553(a)(2)(A),(B).

9

Petitioner has spent 10 years in Prison, during this time, he has taken multiple educational classes, worked continually, and completed a non-residential drug treatment. He worked as a Unit orderly since he came into the Bureau Of Prison ("BOP") custody, and his most recent program review states that he maintains the high standards of the Unit, assists in tasks that he is not assigned, maintains good work evaluations. See Summary Reentry Plan...... Progress Report (Exihibit-D). Petitioner is working hard towards obtaining his GED.

Petitioner argues that pursuant to Section §3553(a) factors that the time he has already served is more than sufficient to achieve the goals of his sentencing such that his continuos incarceration will serve no legitimate end. Section §3553(a) requires a sentence to "reflect the seriousness of the offense, promote respect for thelaw and provide just punishment; to afford adequate deterrence to criminal conduct, protect the community from further crimes of the defendant, and to provide the defendant with needed educational or vocational training. In that regard, petitioner's actions since his incarceration to fulfil these policy goals have been exemplary as his Bop record.....Progress Report reflects.

Additionally, this Court should consider his rehabilitation since his incarceration, his history and characteristics, the sentencing disparity between the sentence he received compared to his co-conspirators and separately indicted co-defendants and other factors that bear on who the petitioner is today. See 18 U.S.C.§3582(c)(1)(A)(i); §1B1.13(requiring consideration of inter alia. the factors set forth in 18 U.S.C.§3553(a); Pepper V.United States, 562 U.S.476(2011)(Evidence of post-sentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed Courts to consider at sentencing."). Clearly, petitioner has taken steps towards rehabilitation despite his life sentence. In addition, petitioner has put forth an appropriate **RELEASE PLAN** to work in the family used Car business/Car-Parts Business ("Junk Yard"), work on vehicles which he has a background; he has an available residence in Middlesex, North Carolina (10678 Beaver Dam Road) furnished by the family. The Sister plans to include him in their health-care provider

## PETITIONER IS NOT A DANGER TO THE COMMUNITY

Petitioner has worked all through his incarceration to better himself as evidenced by his Re-entry Plan---Progress Report and his release Plan. He does not pose a danger to any other person or the community at large. He recognizes that his actions were errors in judgement. He stands ready to reintegrate into society with support from his family upon release. See (Exhibit -E) Reference letters from Family and Friends who are very supportive of petitioner and are willing to assist him to positively integrate back to society.

## CONCLUSION

Petitioner respectfully ask this Honorable Court to use the power confered to him by the First Step Act to reduce his sentence.

## CERTIFICATE OF SERVICE

I, Anthony Wayne Wiggins, affirm under the penalty of perjury pursuant to 28 U.S.C. §1746, that I have this day delivered my Motion to reduce Sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i), and a Memorandum of Law in support of my Pro-se. Motion within the Institutional Legal Mail Pouch, fully addressed, with postage/certified thereto to the following address:

Clerk's Office,
United States District Court For The Eastern District Of North Carolina
Western Division
310 New Bern Avenue, Room 574
Raleigh, North Carolina 27601.


The United States Attorney,
310 New Bern Avenue, suite 800
Raleigh, North Carolina 27601


Dated and signed this 20 day of March, 2022

/s/ *Anthony Wiggins*
ANTHONY W. WIGGINS, 56630-056
United States Penitentiary
Hazelton, P.O.Box 2000
Bruceton Mills, Wv 26525