IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-274-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY WAYNE WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

The court is very familiar with Anthony Wayne Wiggins ("Wiggins" or "defendant"). See [D.E. 293, 299, 314, 315, 316, 355, 368, 369, 376, 377, 379, 420]. On February 25, 2025, Wiggins filed his second pro se motion for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238-41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 423]. Wiggins argues that his medical conditions warrant a reduced sentence or home confinement. In support, Wiggins claims exophthalmos, chronic viral hepatitis C, hyperlipidemia, presbyopia, essential primary hypertension, tooth decay, chronic apical periodontitis, rheumatoid arthritis, valgus deformity, and hand pain. See id. at 1–5. On April 1, 2026, the government responded in opposition [D.E. 430] and filed exhibits [D.E. 430-1, 431]. As explained below, the court denies Wiggins's motion for compassionate release.

I.

On March 13, 2014, a jury found Wiggins guilty of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine (count one), possession with intent to distribute 28 grams or more of cocaine base (crack) ( count six), and possession of a firearm and ammunition by a convicted felon (count seven). See [D.E. 196]. On September 3, 2014, the court held Wiggins's sentencing hearing. See Sent. Tr. [D.E. 293]. At the hearing, the court resolved

Wiggins's objections to the Presentence Investigation Report ("PSR") and held that the enhancement under 21 U.S.C. § 851 applied to Wiggins. See id. at 3–8. The court calculated Wiggins's total offense level to be 34, his criminal history category to be V, and his advisory guideline range to be life imprisonment on counts one and six and 120 months' imprisonment on count seven. See Sent. Tr. 8–9; [D.E. 271] 1. After considering the arguments of counsel and the 18 U.S.C. § 3553(a) factors, the court sentenced Wiggins to life imprisonment on counts one and six, and 120 months' concurrent imprisonment on count seven. See Sent. Tr. 12–17; [D.E. 270].

Wiggins appealed. See [D.E. 273]. On September 29, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Wiggins's conviction and sentence. See United States v. Gomez-Jimenez, 625 F. App'x 602, 603–05 (4th Cir. 2015) (per curiam) (unpublished); [D.E. 314, 315, 316]. On February 29, 2016, the Supreme Court denied certiorari. See Wiggins v. United States, 577 U.S. 1160 (2016) (mem.).

On October 17, 2016, Wiggins moved pro se to vacate his sentence under section 2255 and filed a memorandum in support. See [D.E. 335, 336]. On December 5, 2016, the government moved to dismiss Wiggins's section 2255 motion and filed a memorandum in support. See [D.E. 344, 345]. On May 5, 2017, the court granted the government's motion to dismiss, dismissed Wiggins's section 2255 motion, and denied a certificate of appealability. See [D.E. 355, 356]. Wiggins appealed. See [D.E. 357]. On October 3, 2017, the Fourth Circuit denied Wiggins's motion for a certificate of appealability and dismissed Wiggins's appeal. See United States v. Wiggins, 698 F. App'x 121, 122 (4th Cir. 2017) (per curiam) (unpublished); [D.E. 368, 369, 376, 377]. On May 21, 2018, the Supreme Court denied certiorari. See Wiggins v. United States, 584 U.S. 996 (2018) (mem.).

On March 24, 2022, Wiggins moved pro se for compassionate release, and later filed a supporting memorandum through appointed counsel. See [D.E. 403, 411]. On August 15, 2022, the government responded in opposition. See [D.E. 418]. On August 26, 2022, Wiggins replied. See [D.E. 419]. On December 16, 2022, the court granted in part Wiggins's motion and reduced his life sentence on counts one and six to 300 months' imprisonment, but did not alter his 120-month sentence on count seven. See [D.E. 420].

## II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an

3

extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Wiggins seeks compassionate release under section 3582(c)(1)(A). See [D.E. 423]. As for Wiggins's medical circumstances, the policy statement requires, in relevant part, that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or that the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without

4

which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C). Wiggins does not allege that he cannot provide self-care for himself, and although Wiggins emphasizes his rheumatoid arthritis, recent BOP medical records show that his "[hypertension], hyperlipidemia, and [r]heumatoid arthritis [are] all controlled with present medications." [D.E. 431] 1; cf. U.S.S.G. § 1B1.13(b)(1)(B)–(C). Moreover, BOP records show that Wiggins is receiving other regular medical treatment. See [D.E. 431] 1–28. Thus, Wiggins fails to demonstrate that his condition inhibits his ability to provide self-care in his correctional facility or that he is not being provided adequate medical care in custody. See, e.g., United States v. Lundy, No. 3:19-CR-14, 2025 WL 3678515, at *4–5 (E.D. Va. Dec. 18, 2025) (unpublished); United States v. Worrell, No. 6:24-CR-552, 2025 WL 3268305, at *3–4 (D.S.C. Nov. 24, 2025) (unpublished); United States v. Bailey, No. 1:11-CR-10, 2024 WL 589118, at *2–3 (W.D.N.C. Feb. 13, 2024) (unpublished), aff'd, No. 24-6191, 2024 WL 2575901 (4th Cir. May 24, 2024) (per curiam) (unpublished); United States v. Barnhart, 704 F. Supp. 3d 679, 682–85 (W.D. Va. 2023). Accordingly, reducing Wiggins's sentence because of his alleged medical condition does not comport with U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Wiggins's allegations also are not extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5). And although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Alternatively, even if Wiggins sufficiently alleged extraordinary and compelling reasons under section 3582(c)(1)(A), the section 3553(a) factors counsel against granting Wiggins's motion for compassionate release. See [D.E. 420] 9–10; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Wiggins is 63 years old and a lifelong criminal

and drug dealer. See PSR ¶¶ 37–51; Sent. Tr. 14–15. Between September 2011 and June 2012, Wiggins engaged in armed drug trafficking and purchased and distributed at least 7.5 kilograms of cocaine. See PSR ¶ 33. On June 30, 2012, law enforcement officers responded to a domestic disturbance between Wiggins and a woman. See id. ¶ 27. The woman said she was afraid Wiggins might kill her if he returned to their house. See id. Law enforcement searched the house and found 53.14 grams of cocaine base (crack), two glass measuring cups with cocaine residue, which were used to convert cocaine to cocaine base (crack), a Hi-Point 9mm rifle, several boxes of .45 caliber and .40 caliber ammunition, and an empty box for a Hi-Point .45 handgun. See id. Notwithstanding the overwhelming evidence against Wiggins, Wiggins defiantly suggested at his sentencing hearing that he was not involved at all in drug dealing, that his lawyer conceded his guilt during the lawyer's opening statement at trial, and that the Assistant U.S. Attorney had the trial transcript changed. See Sent. Tr. 10–11. These statements are patently false and reflect Wiggins's abject failure to accept responsibility.

Before Wiggins engaged in the criminal conduct resulting in his federal convictions, Wiggins was convicted in North Carolina state court of numerous offenses. Wiggins has felony convictions for uttering a forged instrument (two counts), possession with intent to sell marijuana (two counts), sale of marijuana, maintaining a vehicle, dwelling, or place for a controlled substance, possession with intent to sell cocaine, selling cocaine, selling marijuana, possession of cocaine, breaking and entering (two counts), and larceny after breaking and entering. See PSR ¶¶ 38–39, 42–47. Wiggins has misdemeanor convictions for soliciting for purpose of crime against nature, larceny (two counts), shoplifting or concealment of goods, reckless driving to endanger, and possession of drug paraphernalia. See id. ¶¶ 37, 41, 48–51. Wiggins also has a poor record

6

on probation. See id. ¶¶ 41, 45. Wiggins's criminal conduct in this case and repeated convictions and poor behavior on probation show profound disrespect for the law.

Wiggins has made some positive efforts while federally incarcerated on his latest trip. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Wiggins has not incurred any infractions, has completed multiple courses and a drug treatment program, and has a release plan. See [D.E. 423] 5; [D.E. 423-38] 1; [D.E. 420] 10.

The court must balance Wiggins's positive steps while federally incarcerated with his serious criminal conduct, his serious and extensive criminal history, his high likelihood of recidivism, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 597 U.S. 481, 496–502 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Wiggins's age and health conditions. Having considered the entire record, the section 3553(a) factors, Wiggins's arguments, the government's persuasive response, the need to punish Wiggins, to incapacitate him, to promote respect for the law, to deter others, and to protect society, the court denies Wiggins's motion for compassionate release. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 423].

7

SO ORDERED. This 11 day of May, 2026.

_A. Dever_
JAMES C. DEVER III
United States District Judge

8